UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

SAMUEL O. SHRUM,                )
                                )
            Petitioner,          )
v.                              )   Case No. 1:14-cv-357-TWP-TAB
                                )
STATE OF INDIANA,               )
                                )
            Respondent.          )

## E N T R Y ON POST-JUDGMENT FILINGS

This matter is before the Court on post-judgment filings from Petitioner Samuel Shrum (Dkts. 11 and 12). In his filings, Mr. Shrum has objected to the dismissal of this action for habeas corpus relief. He complains that the merits of his claims were not reached and that this prevents him from obtaining vindication from his conviction in an Indiana state court. Given the timing of the post-judgment filings, and given the arguments set forth in such documents, the filings are treated together as a motion pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure*. *See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within 10 days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it).

Mr. Shrum is correct that the merits of his claim were not reached and that the action was concluded at an early stage. The court explained in its Entry and Order Dismissing Action (Dkt. 9) that one of the requirements to be considered for federal habeas relief is that the petitioner be "in custody." This is a requirement of jurisdictional significance, *Maleng v. Cook,* 490 U.S. 488, 490 (1989) (per curiam), and jurisdiction is a synonym for adjudicatory competence. *Reed*

*Elsevier, Inc. v. Muchnick,* 130 S. Ct. 1237, 1243 (2010) ("Jurisdiction" means nothing more and nothing less than "a court's adjudicatory authority."). In other words, a court's jurisdiction in a given situation is its authority to decide a case. "Without jurisdiction [a federal court] cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94 (1998) *(citing Ex parte McCardle,* 7 Wall. 506, 514, 19 L.Ed. 264 (1868)).

In this matter, the court explained that "[i]n order to satisfy this 'in custody' requirement, a petitioner must not merely be in custody but must be in custody under the conviction or sentence under attack at the time he files his federal habeas petition. *Carafas v. LaVallee,* 391 U.S. 234, 238 (1968)." It then recounted that Mr. Shrum had notified the court that he was not in custody pursuant to the challenged convictions but that he wished to proceed anyway. Applying the rule that custody is required, and finding that this requirement was not satisfied here, the court directed that the action be dismissed for lack of jurisdiction. Judgment was entered on the clerk's docket on April 2, 2014.

The court's inquiry regarding Mr. Shrum's ability or inability to satisfy the "in custody" requirement was entirely proper. "Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit." *Winters v. Fru–Con, Inc.,* 498 F.3d 734, 740 (7th Cir. 2007) (*quoting McCready v. White,* 417 F.3d 700, 702 (7th Cir. 2005), and *citing Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83 (1998)). The resolution of that inquiry was correct. Mr. Shrum did not contend formerly that he satisfied the in custody requirement. He does not now contend that he satisfied the in custody requirement.

Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)). Here, there was no manifest error of law or fact. The court did not misapprehend the petitioner's non-custody status relative to the conviction which is challenged, nor did it misapply the law to the uncontested fact that Mr. Shrum is simply no longer in custody pursuant to the conviction he challenges. Although the Court is sympathetic to Mr. Shrum's frustration in its inability to hear his claim, the Court cannot hear a matter over which it has no jurisdiction. Accordingly, the post-judgment motion to alter or amend judgment (Dkts. 11 and 12) is **DENIED.**

    **IT IS SO ORDERED.**

Date: 04/23/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Samuel Shrum
508 E. Broadway St.
Greenwood, IN 46143